IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     CRIMINAL ACTION NO. 2:20-cr-00007

SHAD MICHAEL KNIGHT,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion Filed Pursuant to Title 18 U.S.C. 3582(c)(2), in Light of November 1, 2023 Retroactive Amendments Which Lowered the Guidelines, Pursuant to Title 28 U.S.C. 994(o) Regarding 'Status Points'* (Document 66). The Court has also considered the August 25, 2023 *Memorandum* (Document 68) submitted by the Probation Office and an additional letter (Document 69) submitted by the Defendant. The motion was filed prior to adoption of the November 1, 2023 retroactive amendments, and the Court sought a memorandum from Probation and permitted a response from the Defendant and the United States after it was filed, but delayed consideration until the issuance of the updated United States Sentencing Guidelines. The United States did not file a response.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.

Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, an addendum to the PSR from the Probation Office, and the materials submitted by the Defendant. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Mr. Knight seeks a reduction under Part A to eliminate the status points added to his criminal history. He was convicted of being a felon in possession of a firearm pursuant to a guilty plea entered on March 13, 2020. At the time of his original sentencing, he had 13 criminal history points, and two additional points were added because he committed the offense while under a criminal justice sentence. He had a total offense level of 21 and a criminal history category of VI, for a Guideline range of 77 to 96 months. On July 29, 2020, the Court imposed a downward variant sentence of imprisonment of 60 months, to be followed by three years of supervised release.

Following implementation of Amendment 821, Mr. Knight would receive one status point

rather than two, for a total of 14 criminal history points. His offense level would remain 21, and his criminal history category of VI would be unchanged. His Guideline range would likewise be unchanged. Because his Guideline range is not impacted by the changes in Amendment 821, the Court finds that he is not eligible for relief.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion Filed Pursuant to Title 18 U.S.C. 3582(c)(2), in Light of November 1, 2023 Retroactive Amendments Which Lowered the Guidelines, Pursuant to Title 28 U.S.C. 994(o) Regarding 'Status Points'* (Document 66) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: December 1, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA